# THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF COLUMBIA

Lieutenant Ronda Nunnally )
102 Indian Springs Drive )
Silver Springs, MD 20901 )
)
            Plaintiff, )
)
v. ) Case No. _____
)
Chief Cathy Lanier )
Chief of Police )
District of Columbia Metro. Police Dept. )
300 Indiana Ave., NW )
Washington, D.C. 20001 )
)
            and )
)
Assistant Chief Shannon Cockett )
District of Columbia Metro. Police Dept. )
300 Indiana Ave., NW ) Case: 1:08-cv-01464
Washington, D.C. 20001 ) Assigned To : Roberts, Richard W.
) Assign. Date : 8/22/2008
            and ) Description: Employ. Discrim.
)
Thaddeus (Ted) Zalewski )
District of Columbia Metro. Police Dept. )
300 Indiana Ave., NW )
Washington, D.C. 20001 )
)
            and )
)
Captain Lamont Coleman )
District of Columbia Metro. Police Dept. )
300 Indiana Ave., NW )
Washington, D.C. 20001 )
)
            and )
)
Inspector Edward Delgado )
District of Columbia Metro. Police Dept. )
300 Indiana Ave., NW )
Washington, D.C. 20001 )
)
            and )
)

**FILED**

AUG 22 2008

Clerk, U.S. District and
Bankruptcy Courts

JURY ACTION

Captain David Kamperin                             )
District of Columbia Metro. Police Dept.           )
300 Indiana Ave., NW                               )
Washington, D.C. 20001                             )
                                                   )
       and                                            )
                                                   )
District of Columbia Metro. Police Dept.           )
District of Columbia                               )
300 Indiana Ave., NW                               )
Washington, D.C. 20001                             )
                                                   )
**SERVE** - Denise Fields, Esq.                    )
Agent for Service of Process                       )
Assistant Attorney General                         )
for District of Columbia                           )
441 4th St., NW Suite 600 South                    )
Washington, D.C. 20001                             )
                                                   )
**SERVE:** Mayor Adrian Fenty                      )
Executive Office of the Mayor                      )
1350 Pennsylvania Ave., NW, Ste. 316               )
Washington, D.C. 20004                             )
                                                   )
**SERVE:** Honorable Peter Nickles, Esq.           )
Acting Attorney General for DC                     )
441 4th St., NW Ste. 1060 North                    )
Washington, D.C. 20001                             )
                                                   )
       and                                            )
                                                   )
United States Senate                               )
Senate Committee on Appropriations                 )
Sub-committee for the District of Columbia         )
528 Hart Senate Bld.                               )
Washington, D.C. 20510                             )
                                                   )
       and                                            )
                                                   )
United States House of Representatives             )
Federal Workforce, Postal Service, and the         )
District of Columbia Sub-Committee                 )
H-232 U.S. Capital                                 )
Washington, D.C. 20515                             )
                                                   )
                       Defendants.   )

| | |
|---|---|
| **SERVE:** Honorable Michael Mukasey<br>Attorney General of the United States<br>U.S. Justice Department<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530-0001<br><br>**SERVE:** Honorable Jeffrey A. Taylor<br>United States Attorney for D.C.<br>555 4th St., N.W.<br>Washington, D.C. 20530 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES Lieutenant Ronda Nunnally, hereinafter "Lt. Nunnally" or "Plaintiff" with a complaint alleging Retaliation by agents of the District of Columbia Metropolitan Police Department (DCMPD) for her filing a Title VII complaint.

## JURISDICTION

Title VII, § 2000 e-2(a), Title 42 U.S.C. § 1981, Title 42 U.S.C. § 1983, and Title 42 U.S.C. § 1985.

## PARTIES

1. Lt. Nunnally is an eighteen (18) year District of Columbia Metropolitan Police Department (DCMPD) employee who's distinguished service earned her the Medal of Honor and Medal of Valor winner.[1]

2. Chief Cathy Lanier, is the police chief of the District of Columbia Metropolitan Police Department, who orchestrated a campaign of retaliation against Lt. Nunnally for her filing a Title VII complaint.

3. AC Shannon Cockett now retired was a DCMPD career police officer who acted for the purpose to DENY Lt. Nunnally basic fundamental protections and benefits and protections afforded by law in retaliation for Lt. Nunnally for filing a Title VII

---

[1] Lt. Nunnally is the only DCMPD female officer to be awarded the Medal of Honor.

3

complaint.

4. Assistant Chief (AC) Diane Groomes, continued the actions of AC Coskett and acted in consort with Mr. Zalewski to DENY Lt. Nunnally employee benefits and protections guaranteed by virtue of her employment contract.

5. Thaddeus (Ted) Zalewski is a career DCMPD civilian employee responsible for maintenance of leave records and processing requests for leave. Ted working in consort with AC Groomes refused to process leave requests submitted by Lt. Nunnally, DENIED her leave authorized by law, and placed her in AWOL status in retaliation for her filing a Title VII complaint.

6. Captain Lamont Coleman is a career police officer who at the behest of Chief Lanier and AC Groomes DENIED Lt. Nunnally petition for her workplace injury to be classified as work related, and did so in violation of DCMPD policy, and in retaliation for Lt. Nunnally filing a Title VII complaint.

7. Captain David Kamperin is a career police officer who at the behest of Chief Lanier and other agents of DCMPD abused his authority and improperly influenced the investigation and grievance filed by Lt. Nunnally against Captain Kamperin in retaliation for Lt. Nunnally filing a Title VII complaint.

8. Lt. Edward Delgado is a career police officer who at the behest of Chief Lanier harassed and intimidated Lt. Nunnally and did physically assault Lt. Nunnally in front of senior members of the DCMPD. Senior managers at DCMPD blocked disciplinary measures against Lt. Delgado and Chief Lanier promoted him to the rank of Inspector.

9. District of Columbia is the municipal corporation employing the individual defendants and has purcuniary liability for their offenses and violations of the law under the doctrine of respondeat superior.

10. The United States Senate and United States House of Representatives under Article I, Section 8, United States Constitution "exercise exclusive legislation in all cases whatsoever over" the District of Columbia. As such the Congress is responsible for the District of Columbia Budget and any Appropriation from which a judgment would or could be paid.

## FACTS

11. In 2004, Lt. Nunnally filed a complaint with the District of Columbia Human Right s Office alleging that her supervisor, Phillip Graham, was as a daily activity sexually assaulting, sexually battering, harassing, and subjecting her to a hostile work environment. Lt. Nunnally alleged that Mr. Graham demanded sex in order for her to keep her job. The District of Columbia Human Rights Office referred the matter to the DCMPD Diversity and EEO for investigation.[2]

12. DCMPD immediately retaliated by transferring Lt. Nunnally from her workplace and assigned her to jobs below her rank and authority. She was assigned an office, which was a utility closet. She was harassed by fellow officers and physically assaulted by Lt. Delgado, in front of other uniformed officers. DCMPD did nothing to protect Lt. Nunnally from these retaliatory acts.

13. The investigation of Lt. Nunnally's complaint was conducted by the

---

[2] See General Order 201.09, III, B, 7 (page 5 of 11).

DCMPD Diversity and EEO Compliance Unit and DCMPD Internal Affairs Unit. A summary of the report, dated June 1, 2005 read in part that the investigation "determined that there was sufficient evidence to support" the plaintiff's claim of "discrimination based on . . . gender (sexual harassment) and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended." Ex. 1. This report constituted a final agency action, and Mr. Graham was fired for his discriminatory conduct.

14.   Lt. Nunnally filed a civil action, in District of Columbia Superior Court, <u>Nunnally v. Phillip Graham</u>, et. al., 04 CA 005963 B, citing violations of the District of Columbia Human Rights Act by Phillip Graham and the DCMPD.[3]

15.   Phillip Graham filed a motion to dismiss asserting that the District of Columbia Human Rights Act did not countenance individually liability for sexual abuse, sexual battery, sexual harassment, and hostile work environment. Lt. Nunnally opposed the motion. The court granted the motion to dismiss Mr. Graham.

16.   In 2005, Lt. Nunnally filed a separate complaint with the EEOC. This complaint was not processed by EEOC and agents at that institution have refused to explain why.

17.   The continuing harassment of Lt. Nunnally in the workplace caused her to suffer an emotional breakdown. Medical evaluations by DCMPD psychiatrist, private physicians, and psychiatrist concluded Lt. Nunnally to be 100% disabled. The medical authorities placed her on sick leave and recommended disability retirement.

---

[3] Mr. Graham was a Mayoral political appointee with contacts in the District of Columbia Executive Branch. After his dismissal from DCMPD, his company was awarded several contracts by the William's Administration worth millions of dollars.

6

18. Despite documentation from medical staff at the DCMPD clinic clearly placing Lt. Nunnally on sick leave, Ted Zalewski under direction of Assistant Chief Diane Groomes DENIED Lt. Nunnally sick leave, placing her in a no pay due status and causing her to loose her home.

19. Mr. Zalewski refused to process Lt. Nunnally's petition for advanced leave, POD leave or any other relief authorized by law that would afford Lt. Nunnally financial relief. Mr. Zalewski acted for the purpose of retaliating against Lt. Nunnally for her filing a Title VII claim.

20. Mr. Ted Zalewski also DENIED Lt. Nunnally due process guaranteed by DCMPD policy and her employment contract by placing her in an AWOL status despite the fact that she was compliant with the directions of DCMPD medical staff and reported to the DCMPD fire clinic each Wednesday for evaluation. Mr. Zalewski's conduct violated General Order 1001.1 IV, A, 1 & 2.

21. The Metropolitan Police and Fireman's Retirement Board has refused to timely conclude its deliberations on Lt. Nunnally's disability retirement despite corroborated medical evidence and recommendations by DCMPD medical staff that she is 100% disabled and that prolonging the decision to remove her from the emotional harm of the process will cause her irreparable harm. The conduct of the Retirement Board is retaliatory in nature for Lt. Nunnally having filed her Title VII complaint.

22. Assistant Attorney General (AAG) Wendell Hall and AAG Ronald Harris directed that witnesses supportive of Lt. Nunnally, who were employees of DCMPD, to meet with them. At the meeting AAG Hall and AAG Harris intimidated the witnesses,

and threatened them with loss of their jobs if they did not change their testimony and not support Lt. Nunnally's allegations.

23. AAG Steve Anderson and Assistant AAG Kerslyn Featherstone directed that Captain Melvin Gresham, another witness for Lt. Nunnally, meet with them to discuss his testimony on behalf of Lt. Nunnally. AAG Anderson and AAG Featherstone offered Cpt. Gresham a promotion, and a plum assignment at Police Headquarters if he changed his testimony from verifying Lt. Nunnally's claims to support the defendants' version of facts.

24. Cpt. Gresham refused to do so and was later with charged with offenses that threatened his career. These charges authorized by Chief Lanier were later dropped at the direction of Chief Lanier when it became obvious that the allegations against Cpt. Gresham could not be substantiated.

25. Cpt. Gresham was later targeted in a botched drug raid also authorized by Chief Lanier. On July 31, 2008 agents of the District of Columbia Metropolitan Police Narcotics Special Investigative Division misrepresented facts to obtain a search warrant, planted stories that drugs and gaming revenue was found as a result of the drug raid, that was later recanted, and violated the civil rights of 24 African Americans present at the time NSID attempted to discredit Cpt. Gresham.

26. In 2008, Lt. Nunnally filed a second civil rights complaint with the EEOC. Once again although the complaint is date time stamped, EEOC refused to investigate the allegations therein. On information and belief the EEOC refused to do so at the behest of agents of the District of Columbia who acted for the purpose to retaliate against Lt. Nunnally for filing the Title VII complaint.

8

27. On December 8, 2007, Judge Mary Terrell reinstated Phillip Graham as a defendant, citing the holding at <u>Purcell v. Thomas</u>. Judge Terrell was then assigned to another docket and the <u>Nunnally</u> case was assigned to Judge Natalie Combs Green.

28. At a hearing held on February 13, 2008, Judge Combs-Green stated the standard when one judge is asked to review and or reconsideration of an order entered by one trial judge by another trial judge:

**Page 7**

5    **MR. FRIESON [FRISON]:**[4] If that's the case, Your Honor

6    then we'd, we will be filing a motion to reconsider. We'd

7    like to be heard on that.

8    **THE COURT**:    You's have to file that before

9    Judge Terrell. That was her decision.

10    **MR. FRISON**: I understand, Your Honor.

11    **THE COURT**:    **I can't reconsider her decision.**

12    **You know what I mean?**

13    **MR. FRISON**: That okay, Your Honor.

14    **THE COURT**:    **She can't reconsider mine**.

29. Despite this standard articulated by Judge Combs-Green, she systematically vacated orders entered by Judge Terrell that were detrimental to the defendants, threatened undersigned counsel in open court, and has characterized Lt. Nunnally as a dog where at Ex. **14** she stated:

Page 42:

---

[4] Name misspelled throughout the transcript for clarification, the correct spelling is provided.

      6     **MR. FIREISON**: No, no but I hear you.

      7     **THE COURT**: I take that back. **You lay down with**

      8     **dogs, you get up with fleas**. I mean, you may hurt yourself

      9     more that you're attempting to hurt someone else. I think

     10.    it's very dangerous, so I'm just saying, I think you would

30. Judge Combs-Green also informed undersigned in open court as to why she was so hostile to the plaintiff and undersigned counsel:

Page 44

     26     **THE COURT**: And that is why I was so disturbed at

Page 45

      1     the nature, I have never seen a pleading like this. Well,

      2     I take that back, **I actually have seen a pleading like this**

      3     **where a lawyer put it about me, and there was these kinds**

      4     **of things made. And I can tell you, it did not feel good**,

      5     even though I knew not a shred of it was true. It doesn't

     6.    feel good.

31. Judge Combs-Green has used her position as a Judge to shield the criminal conduct Mr. Phillip Graham, the cover up of that conduct by agents of the Office of Assistant Attorney General, and the damages done to Lt. Nunnally by the conduct of both.

32. Judge Combs-Green has systematically vacated decisions and order reached against the defendants after years of litigation without legal justification and at times without being asked to do so by the defendant.

33. Judge Combs-Green's personal identification with the civil dispute and praise for counsels of the defendants, and acrimonious treatment of the plaintiff and her counsel DENIES Lt. Nunnally due process, equal protection under the law, and is clearly retaliatory in a manner contemplated by the United States Supreme Court at <u>Burlington N. & S.R.R. Co. v. White,</u> No. 05-259 (U.S. 6/22/2006) (2006). Judge Combs-Green has created an atmosphere where the reasonable man might conclude he to be biased for the defendants and that it is just a matter of time before she uses her judicial office to dismisses the plaintiff's complaint notwithstanding the law or the facts.[5] The federal forum is her only means by which Lt. Nunnally might receive a fair and impartial hearing of her grievances and to thwart the retaliatory acts imposed on her as a result of her filing her civil rights claim.

34. The record is clear that senior Police Managers, Assistant Attorney Generals, and even a sitting judge have participated in an orchestrated effort to retaliate against Lt. Nunnally for her filing a Title VII complaint. They acted for the purpose of intimidating Lt. Nunnally, those observing how she was treated, and even those that would represent her legal interest. Lt. Nunnally claims the following causes of action:

**COUNT I**
**(Title VII, 42 U.S.C. § 2000e-2(a) – Title 42 U.S.C. § 1983)**

35. Incorporating paragraphs 1- 34 as if stated herein, Lt. Nunnally alleges that Chief Lanier, Assistant Chief Groomes, and Mr. Ted Zalewski retaliated against her for filing a Title VII complaint by denying her advanced leave, POD leave, sick leave, and

---

[5] Although Judge Combs-Green is immune from prosecution in this matter, her acts as agent of the District of Columbia are retaliatory in nature and the District of Columbia is liable under respondeat superior.

worker's compensation benefits authorized by law.

36. Lt. Nunnally claims that an objective of the defendants' retaliatory acts was to intimidate other DCMPD employees, and that the conduct did in fact intimidate fellow police officers discouraging them from filing a Title VII complaint.

37. Wherefore the conduct of the defendants and agents were and remain so egregious, caused such harm to Lt. Nunnally, and so undermined public policy and the rights of all DCMPD employees, that Lt. Nunnally seeks compensatory damages of $100,000,000 and punitive damages of $100,000,000, attorney's fees and cost.[6]

## COUNT II
### (Title VII, 42 U.S.C. § 2000e-2(a) - Title VII, 42 U.S.C. § 1985)

38. Incorporating paragraphs 1- 37 as if stated herein, Lt. Nunnally alleges that agents of the DCMPD retaliated against her by improperly influencing agents at the EEOC not to process her two separate complaints filed with the EEOC and in doing so conspired to "deprive" Lt. Nunnally of equal protections of the laws, or of equal privileges" under the Title VII, Civil Rights Act, and the District of Columbia Human Rights Act.

39. Lt. Nunnally claims that an objective of the defendants' retaliatory acts was to intimidate other DCMPD employees, and that the conduct did in fact intimidate fellow police officers discouraging them from filing a Title VII complaint.

40. Wherefore the conduct of the defendants and agents was so egregious and caused such harm to Lt. Nunnally and so undermined public policy and the EEOC process, that Lt. Nunnally seeks compensatory damages of $100,000,000 and punitive

---

[6] Attorney's fees constitute 35% of any judgment or settlement.

damages of $100,000,000, attorney's fees and cost.

## COUNT III
### (Title VII, 42 U.S.C. § 2000e-2(a) - Title VII, 42 U.S.C. § 1983)

41. Incorporating paragraphs 1- 40 as if stated herein, Lt. Nunnally alleges that the defendants and agents of the District of Columbia have retaliated against her by delaying her disability retirement, despite undisputed medical evidence that she should be immediately retired. The conduct of the defendants "subjects or causes to be subjected" Lt. Nunnally to the deprivations of rights, privileges, and immunities secured by the Constitution, and Laws of the District of Columbia.

42. Lt. Nunnally claims that an objective of the defendants' retaliatory acts was to intimidate other DCMPD employees, and that the conduct did in fact intimidate fellow police officers discouraging them from filing a Title VII complaint.

43. Wherefore the conduct of the defendants and agents was so egregious and caused such harm to Lt. Nunnally and so undermined public policy and contracted promises of care relied upon by police officers who risk their lives each day, Lt. Nunnally seeks compensatory damages of $100,000,000 and punitive damages of $100,000,000, attorney's fees and cost.

## COUNT IV
### (Title VII, 42 U.S.C. § 2000e-2(a) - Title VII, 42 U.S.C. § 1986)

44. Incorporating paragraphs 1- 43 as if stated herein, Lt. Nunnally alleges that the defendants jointly and severally have retaliated against her for filing a Title VII complaint by using their government power to intimidate witnesses, suborn perjury, violate the law of the case, <u>Nunnally v. Phillip Graham</u>, Case No. 04-5963, and

13

undermine the independence of the judiciary and access to fair and impartial judicial hearings in the District of Columbia.

45. The evidence will show that when the above violations were brought to the attention of the defendant's agent "having power to prevent or aid in preventing the commission of the" wrongs, that said agent neglected and refused to prevent the offenses.

46. Lt. Nunnally claims that an objective of the defendants' retaliatory acts and their refusal to act to thwart such acts was to intimidate other DCMPD employees from filing similar Title VII and or complaints of discrimination within the District of Columbia Police Department, and that her treatment at the hands of her superiors, and a sitting Superior Court Judge openly sympathetic to the defendants, has in fact intimidated fellow police officers and discouraged them from filing similar Title VII or discriminatory complaints.

47. Wherefore the conduct of the defendants discouraged reasonable fellow employees from filing similar complaints and did harm Lt. Nunnally, emotionally and in her major life functions, and did harm the public by undermining public confidence and trust in the judicial system, is such a violation of public policy and so undermines the system of justice upon which our Nation was founded and depends, that Lt. Nunnally seeks compensatory damages of $100,000,000 and punitive damages of $100,000,000, attorney's fees and cost.

### COUNT V
### (Title VII, 42 U.S.C. § 2000e-2(a) – Declaratory Judgment)

48. Incorporating paragraphs 1- 47 as if stated herein, Lt. Nunnally seeks a declaratory judgment that the Congress of the United States, having plenary authority

over the District of Columbia, under the Constitution of the United States shall apportion and appropriate the budget of the District of Columbia in a manner to satisfy any order and or judgment entered against the District of Columbia and or its agents in this civil action.

Respectfully Submitted,

E. Scott Frison, Jr., Esq.
Bar No. 478092
Law Firm of E. Scott Frison, Jr.
1629 K. Street, NW Suite 300
Washington, DC 20036
240-398-9283
frisonlaw@aol.com,

## JURY TRIAL

Plaintiff requests a jury trial on all counts.

E. Scott Frison, Jr., Esq.



GOVERNMENT OF THE DISTRICT OF COLUMBIA
METROPOLITAN POLICE DEPARTMENT

June 1, 2005

Lieutenant Ronda Nunnally
102 Indian Spring Drive
Silver Spring, MD 20901

Re: Lt. Ronda Nunnally vs. Phil Graham (civilian)

Dear Lt. Nunnally:

This exit letter is being issued and serves as notification that the District of Columbia Metropolitan Police Department has taken final administrative action in the above referenced complaint. An investigation conducted jointly by the Diversity and EEO Compliance Unit and the Internal Affairs Division determined that there was sufficient evidence to support your claim of discrimination based on your gender (sexual harassment) and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended. The matter and the Department's disciplinary recommendations were forwarded to the Director of the District of Columbia's Office of Personnel for final disposition.

If you are not satisfied with this determination, you may file a formal complaint of discrimination with the District of Columbia Office of Human Rights (OHR) within fifteen (15) days of your receipt of this letter. OHR is located at 441 4th Street, NW, Suite 570-N, Washington, DC 20001. The telephone number is (202) 727-4559. You may also file a formal complaint of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), located at 1801 L Street, NW, Suite 100, Washington, D.C. 20507. The EEOC may be contacted at (202) 419-0700.

Sincerely,

Jacqueline Johnson
Manager
Diversity and EEO Compliance Unit

08 1464
**FILED**
AUG 2 2 2008
Clerk, U.S. District and
Bankruptcy Courts

Exhibit
7

P.O. Box 1606, Washington, D.C. 20013-1606

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of the Attorney General for the District of Columbia



February 1, 2007

E. Scott Frison, Jr.
1717 K Street NW, Suite 600
Washington, D. C. 20036

Dear Mr. Frison:

Mayor Adrian M. Fenty has forwarded your correspondence of January 24, 2007 to the Office of the Attorney General for the District of Columbia (OAG) for response. We appreciate your comments and care about your concerns. This acknowledgement is in reference to your recent correspondence.

Your correspondence has been assigned the following OAG tracking number: 112831. Please refer to this number when referencing this request.

If you receive no further contact or reply from this agency within *thirty business days*, please call 202-724-1306.

Sincerely,

Gail A. Stern
Customer Service Coordinator


08 1464
FILED
AUG 2 2 2008
Clerk, U.S. District and Bankruptcy Courts

Exhibit

# THE LAW OFFICE OF E. SCOTT FRISON, JR.
## Attorney at Law

United States Supreme Court
U.S. Court of Appeals for District of Columbia
U.S. Court of Appeals Fourth Circuit
U.S. Court of Appeals for the Armed Forces

U.S. District Court for District of Columbia
U.S. District Court for Maryland
Court of Appeals for District of Columbia

January 24, 2007

**Via Hand Delivery**

The Honorable Adrian M. Fenty
Mayor, District of Columbia
1350 Pennsylvania Ave., NW
Washington, DC 20004

    Re:    Continuing Retaliation against Lt. Ronda Nunnally
            NOTICE per D.C. Code § 12-309
            Respondents:
                  1.    Interim Chief Cathy Lanier
                  2.    Commander Diane Groomes
                  3.    Captain Ted Zalewski

Dear Mayor Fenty,

      Please accept this statutory Notice of Claim on behalf of Lt. Ronda Nunnally against the District of Columbia and its above named employees for continuing acts of retaliation and harassment. Lt. Nunnally filed a complaint with the District of Columbia Human Rights Office and later a civil action in the District of Columbia Superior Court, See <u>Nunnally v. Phillip Graham</u>, CA #: 04-005963 B, alleging sexual harassment, sexual assault, sexual battery, and hostile work environment.

      As a matter or record, Lt. Nunnally, a District of Columbia Metropolitan Police Department Medal of Honor recipient has served the District of Columbia with distinction and valor. Lt. Nunnally is currently on Medical Leave as opposed to limited duty, as that term is defined District of Columbia Metropolitan Police General Order (GO) 100.11 et seq., page 3 of 28, paragraph 12.

      Lt. Nunnally suffers from a Performance of Duty (OD) Injury/Illness as that term is defined at GO-PER-100.11, page 4 of 28, paragraph 18 et seq. I have instructed Lt. Nunnally to provide a copy of the medical evaluation and report produced by Dr. Patrick Sheehan, MD, Psychiatrist, and I will provide the same to the Director, Medical Services Section, per GO-PER 100.11, page 22 of 28, paragraph N.1, a (1).

Exhibit

1717 K. St., NW, Suite 600, Washington, D.C. 20036   202-349-3951 (office)
frisonlaw@aol.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** U. Rondo Nunnally
c/o E.Ills. S. Frison, JR
1629 K. St., NW Ste 300, Washington 20036

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)
88888

**DEFENDANTS** District of Columbia MPD
300 Indiana Ave, NW.
Washington, D.C. 20001

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
E. Scott Frison, JR, ESQ
1629 K. St., NW, Ste 300
Washington D.C. 20036
240-398-9283

Case: 1:08-cv-01464
Assigned To : Roberts, Richard W.
Assign. Date : 8/22/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- □ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | ☒ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### □ A. *Antitrust*
- □ 410 Antitrust

### □ B. *Personal Injury/ Malpractice*
- □ 310 Airplane
- □ 315 Airplane Product Liability
- □ 320 Assault, Libel & Slander
- □ 330 Federal Employers Liability
- □ 340 Marine
- □ 345 Marine Product Liability
- □ 350 Motor Vehicle
- □ 355 Motor Vehicle Product Liability
- □ 360 Other Personal Injury
- □ 362 Medical Malpractice
- □ 365 Product Liability
- □ 368 Asbestos Product Liability

### □ C. *Administrative Agency Review*
- □ 151 Medicare Act

**Social Security:**
- □ 861 HIA ((1395ff)
- □ 862 Black Lung (923)
- □ 863 DIWC/DIWW (405(g)
- □ 864 SSID Title XVI
- □ 865 RSI (405(g)

**Other Statutes**
- □ 891 Agricultural Acts
- □ 892 Economic Stabilization Act
- □ 893 Environmental Matters
- □ 894 Energy Allocation Act
- □ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### □ E. *General Civil (Other)* OR □ F. *Pro Se General Civil*

**Real Property**
- □ 210 Land Condemnation
- □ 220 Foreclosure
- □ 230 Rent, Lease & Ejectment
- □ 240 Torts to Land
- □ 245 Tort Product Liability
- □ 290 All Other Real Property

**Personal Property**
- □ 370 Other Fraud
- □ 371 Truth in Lending
- □ 380 Other Personal Property Damage
- □ 385 Property Damage Product Liability

**Bankruptcy**
- □ 422 Appeal 28 USC 158
- □ 423 Withdrawal 28 USC 157

**Immigration**
- □ 462 Naturalization Application
- □ 463 Habeas Corpus- Alien Detainee
- □ 465 Other Immigration Actions

**Prisoner Petitions**
- □ 535 Death Penalty
- □ 540 Mandamus & Other
- □ 550 Civil Rights
- □ 555 Prison Condition

**Property Rights**
- □ 820 Copyrights
- □ 830 Patent
- □ 840 Trademark

**Federal Tax Suits**
- □ 870 Taxes (US plaintiff or defendant)

- □ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- □ 610 Agriculture
- □ 620 Other Food & Drug
- □ 625 Drug Related Seizure of Property 21 USC 881
- □ 630 Liquor Laws
- □ 640 RR & Truck
- □ 650 Airline Regs
- □ 660 Occupational Safety/Health
- □ 690 Other

**Other Statutes**
- □ 400 State Reapportionment
- □ 430 Banks & Banking
- □ 450 Commerce/ICC Rates/etc.

- □ 460 Deportation
- □ 470 Racketeer Influenced & Corrupt Organizations
- □ 480 Consumer Credit
- □ 490 Cable/Satellite TV
- □ 810 Selective Service
- □ 850 Securities/Commodities/ Exchange
- □ 875 Customer Challenge 12 USC 3410
- □ 900 Appeal of fee determination under equal access to Justice
- □ 950 Constitutionality of State Statutes
- □ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

/13/

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Retaliation against D. Munnolly under Title VII U.S.C. § 2000 e-2 (0)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐    DEMAND $ 100,000,000 comp / 100,000,000 punitive   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   not in this court   If yes, please complete related case form.

DATE Aug. 22, 2008    SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd